

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-3-2008

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2663

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Johnson" (2008). *2008 Decisions.* Paper 565.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/565

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2663
_____

UNITED STATES OF AMERICA

v.

ERIC D. JOHNSON,
                                 Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 98-cr-00135
(Honorable William W. Caldwell)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 8, 2008

Before: SCIRICA, Chief Judge, HARDIMAN and COWEN, Circuit Judges.

(Filed: September 3, 2008 )
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Eric Johnson, proceeding pro se, appeals an order of the United States District

Court for the Middle District of Pennsylvania denying his motion under 18 U.S.C.

§ 3582(c) to reduce his sentence.  We will affirm.

In 1998, a jury found Johnson guilty of assaulting and interfering with federal marshals in the performance of their official duties in violation of 18 U.S.C. § 111, distributing crack cocaine in violation of 21 U.S.C. § 841, using or carrying a firearm in relation to a drug-trafficking crime or a crime of violence in violation of 18 U.S.C. § 924(c)(1), and making a false statement to federal marshals in violation of 18 U.S.C. § 1001. The evidence at trial established that Johnson fired ten rounds from a nine-millimeter hand gun at seven federal marshals, and that he was engaged in a drug transaction just before the shooting. The District Court imposed a prison sentence of 272 months, including a sentence of 60 months on the § 924(c) offense which would run consecutive to the sentence imposed on the drug-trafficking offense.

The District Court's sentence calculation included an upward departure of two levels under U.S.S.G. § 5K2.6 due to the seriousness of Johnson's conduct and the fact that he intentionally shot at seven individuals.[1] At the sentencing hearing, the District Court cited United States v. Nakagawa, 924 F.2d 800 (9th Cir. 1991), as authority for the

---

[1]U.S.S.G. § 5K2.6 provides:

> If a weapon or dangerous instrumentality was used or possessed in the commission of the offense the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others. The discharge of a firearm might warrant a substantial sentence increase.

upward departure. In <u>Nakagawa</u>, the defendant was charged with a drug offense and possession of a firearm during and in relation to a drug trafficking crime in violation of § 924(c). The court found an upward departure under § 5K2.6 warranted because 17 additional firearms were seized from the defendant's home, and his possession of weapons exceeded what was ordinarily involved in a drug trafficking conviction. <u>Id.</u> at 804-05.

In 1999, we affirmed Johnson's conviction and sentence on direct appeal. We held, among other things, that the District Court did not abuse its discretion in granting the two-level upward departure. In 2001, Johnson unsuccessfully moved to vacate his sentence pursuant to 28 U.S.C. § 2255. In 2007, Johnson filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing that Amendment 599 to the Sentencing Guidelines lowered his sentencing range. The District Court denied Johnson's motion, and this appeal followed.

Section 3582(c)(2) authorizes a district court to reduce a term of imprisonment in the case of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 599 expanded the commentary to U.S.S.G. § 2K2.4 on use of a firearm during or in relation to certain crimes, and clarified under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the Guidelines for those other

offenses.  See U.S. Sentencing Comm'n Guidelines Manual, Supp. to App. C, at 71 (2000).  Amendment 599 provides:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.  A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction . . ..

U.S.S.G. § 2K2.4, Application Note 4.  Amendment 599 went into effect on November 1, 2000, and was made retroactive pursuant to § 1B1.10.

Johnson argues that Amendment 599 prohibits the District Court's two-level upward departure.  The District Court, however, correctly explained that it did not use Johnson's discharge of the gun to increase the offense level for the underlying offense, but that it used his offense conduct to make an upward departure in the guideline range under § 5K2.6, an independent basis for doing so.  In other words, the District Court did not apply a weapon "enhancement," which is an adjustment to the base offense level as specifically provided by the Guidelines, but an "upward departure," which is a discretionary adjustment to the Guidelines range once calculated.  See United States v. Shedrick, 493 F.3d 292, 298 n.5 (3d Cir. 2007) (defining "enhancement" and "upward departure").  Amendment 599 precludes a weapon enhancement for the underlying offense of conviction where a defendant has been sentenced for a § 924(c) violation, not an upward departure.

Accordingly, we shall affirm the order of the District Court.

4